UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

UNITED STATES OF AMERICA

- v. -

CARLISLE RIVERA,
 a/k/a "Pop," and
JONATHAN LOADHOLT

    Defendants.

------------------------------------x

**PROTECTIVE ORDER**

24 Cr. 670 (LJL)

    Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Rule 16 of the Federal Rules of Criminal Procedure, the Court hereby finds and orders as follows:

    1. **Protected Material.** The Government will make disclosure to the defendants of documents, objects, and information, including electronically stored information ("ESI"), pursuant to Rule 16 of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500; and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." Certain of the Government's disclosure material, referred to herein as "Protected Material," includes information that (i) affects the privacy and confidentiality of individuals and entities; (ii) impacts the safety of individuals; (iii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iv) would risk prejudicial pretrial publicity if publicly disseminated; and (v) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Disclosure material produced by the Government to the

defendants or their counsel that are either (1) designated as "Protected" by the Government in emails or communications to defense counsel, or (2) marked as "Protected," shall be deemed Protected Material.

2. **Highly Protected Material.** Certain of the Government's disclosure material, referred to herein as "Highly Protected Material," contains sensitive information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government believes in good faith that such sensitive disclosure material should be reviewed by the defendants only in the presence of counsel. The Government further believes in good faith that the defendants should not maintain, retain, or keep copies of any records containing such Highly Protected Material outside the presence of counsel. In the event that defense counsel disagrees about the Government's designation of material as Highly Protected Material, counsel for the objecting party and the Government shall meet and confer in an effort to resolve such dispute. However, the Government's designation of material as Highly Protected Material shall be controlling absent contrary order of the Court. Disclosure material produced by the Government to the defendants or their counsel that are either (1) designated as "Highly Protected" by the Government in emails or communications to defense counsel, or (2) marked as "Highly Protected," shall be deemed Highly Protected Material.

3. **Attorney's Eyes Only ("AEO") Material.** Certain materials in this case raise a more significant risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendants's counsel that is either (1) designated in whole or in part as "Attorney's Eyes Only" by the

Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Eyes Only" or "AEO" shall be deemed "AEO Material."

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

4. Disclosure material designated as Protected Material or Highly Protected Material shall not be disclosed by the defendants or their counsel, including any successor counsel ("the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this case. The defense shall not post any Protected Material or Highly Protected Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Protected Material or Highly Protected Material to the media or any third party except as set forth below. Additionally, the defense shall not provide any Protected Material or Highly Protected Material to any foreign persons or entities, and Protected Material or Highly Protected Material may not be transmitted outside the United States for any purpose.

5. Protected Material may be disclosed by the defense to:

    (a) Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel supervised by or retained by counsel, as needed for purposes of defending this action;

    (b) Prospective witnesses for purposes of defending this action;

    (c) The defendants; and

    (d) Such other persons as hereafter may be authorized by the Court.

6. Counsel and paralegals under counsel's supervision may disclose Highly Protected Material to the defendants, as needed for defending this case, only when counsel and/or at least one paralegal under counsel's supervision is present with the defendant. The defendants shall not maintain, retain, or keep copies of any records containing Highly Protected Material or information therefrom outside the presence of counsel. Counsel may otherwise disclose Highly Protected

Material only to personnel for whose conduct counsel is responsible, *i.e.*, personnel supervised by or retained by counsel, as needed for purposes of defending this case; and prospective witnesses for purposes of defending this case.

7. AEO Material received by defense counsel shall be maintained on an attorney's-eyes-only basis, and the defense shall not share any AEO Material or the content of the AEO Material with any other persons, including the defendants, except for any personnel for whose conduct defense counsel is responsible *i.e.*, personnel supervised by or retained by counsel, as needed for purposes of defending this action.

8. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

9. The defense shall provide a copy of this Order to any individual or entity to whom the defense discloses Protected Material, Highly Protected Material, or AEO Material in accordance with the provisions of this Order. All such persons shall be subject to the terms of this Order; shall be advised by defense counsel that he or she shall not further disseminate or discuss the materials and must follow the terms of this Order, and that the Court can enforce the Order against the person to whom discovery materials are disclosed; and shall demonstrate their acknowledgement by signing a copy of the Protective Order, which signed copy shall be maintained by defense counsel. Defense counsel shall maintain a record of what Protected Material, Highly Protected Material, and AEO Material has been disclosed to which such persons.

10. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this case, or to any judge or magistrate judge, for purposes of this case. However, Highly Protected Material and AEO Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings

should comply with the privacy protection provisions of Rule 49.1 of the Federal Rules of Criminal Procedure.

11. At any time, the defense may seek leave from the Government to alter the designations for materials designated as Protected Material, Highly Protected Material, or AEO Material ("Requested Material"). The Government will promptly review such Requested Material and (i) consent to the requested designation alteration or sharing of the material; or (ii) provide the defense with an explanation as to why the Requested Material cannot be designated or shared in the manner requested, so as to facilitate the Court's consideration of any disputes regarding the Requested Material. The Government's designation of material as Protected Material or Highly Protected Material will be controlling absent contrary order of the Court.

12. Except for Protected Material, Highly Protected Material, and AEO Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all such material, including the seized ESI disclosure material, when the case becomes final, as defined for purposes of bringing an action under 28 U.S.C. § 2255, *i.e.*, one year and 90 days after any judgment of conviction is affirmed or reversed by the Court of Appeals for the Second Circuit. If Protected Material, Highly Protected Material, or AEO Material is provided to any prospective witness, counsel shall make reasonable efforts to seek the return or destruction of such materials.

13. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to that defendant.

**Retention of Jurisdiction**

14. The provisions of this Order shall not terminate at the conclusion of this case and the Court shall retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DANIELLE SASSOON
United States Attorney

by: *Jacob Gutwillig*                                   Date:   1/28/25
Michael Lockard
Jacob Gutwillig
Assistant United States Attorneys
Julie Isaacson
Special Assistant United States Attorney

*Deborah Colson*                                        Date:   1/27/2025
Deborah Colson, Esq.
Counsel for Jonathan Loadholt

*Chris Gunther*                                         Date:   1/28/25
Christopher Gunther, Esq.
Counsel for Carlisle Rivera

SO ORDERED:

Dated: New York, New York
January 29, 2025

_____
HONORABLE LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK