UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- v. -<br><br>CARLISLE RIVERA,<br>   a/k/a "Pop,"<br><br>                              Defendant. | **SUPERSEDING INFORMATION**<br><br>S1 24 Cr. 670 (LJL) |

## COUNT ONE
**(Conspiracy to Commit Murder-for-Hire)**

The United States Attorney charges:

1. From at least in or about December 2023, up to and including in or about November 2024, in Iran, the Southern District of New York, and elsewhere, CARLISLE RIVERA, a/k/a "Pop," the defendant, and others known and unknown, knowingly and willfully did combine, conspire, confederate, and agree together and with each other to commit murder-for-hire, in violation of Title 18, United States Code, Section 1958.

2. It was a part and an object of the conspiracy that CARLISLE RIVERA, a/k/a "Pop," the defendant, and others known and unknown, would and did knowingly travel in and cause others to travel in interstate and foreign commerce, and would and did use and cause another to use a facility of interstate and foreign commerce, with intent that a murder be committed in violation of the laws of the State of New York or the United States as consideration for the receipt of and as consideration for a promise or agreement to pay anything of pecuniary value, to wit, RIVERA participated in an agreement whereby RIVERA and a co-conspirator not named as

a defendant herein ("CC-1") would kill Victim-1 in exchange for payment, and used cellphones and electronic messaging applications to communicate in furtherance of the scheme.

(Title 18, United States Code, Section 1958.)

## COUNT TWO
### (Conspiracy to Commit Stalking)

The United States Attorney further charges:

3. From at least in or about December 2023, up to and including in or about November 2024, in Iran, the Southern District of New York, and elsewhere, CARLISLE RIVERA, a/k/a "Pop," the defendant, and others known and unknown, knowingly and willfully did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, stalking, in violation of Title 18, United States Code, Section 2261A(2).

4. It was a part and object of the conspiracy that CARLISLE RIVERA, a/k/a "Pop," the defendant, and others known and unknown, with the intent to kill, injure, harass, intimidate, and place under surveillance with intent to kill, injure, harass, and intimidate another person, would and did use an interactive computer service and electronic communication service and electronic communication system of interstate commerce, and any other facility of interstate and foreign commerce to engage in a course of conduct that placed that person in reasonable fear of the death of and serious bodily injury to that person and caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to that person, in violation of Title 18, United States Code, Section 2261A(2).

### Overt Act

5. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

      a.      On or about March 31, 2024, CARLISLE RIVERA, a/k/a "Pop," the defendant, participated in the exchange of voice notes using an electronic communications application with a co-conspirator not named as a defendant herein ("CC-2") concerning surveillance by RIVERA and CC-1 to locate and murder Victim-1.

(Title 18, United States Code, Section 371.)

## FORFEITURE ALLEGATION

6.    As a result of committing the offense alleged in Count One of this Information, CARLISLE RIVERA, a/k/a "Pop," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2641(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Assets Provision

7.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a)     cannot be located upon the exercise of due diligence;

    b)     has been transferred or sold to, or deposited with, a third person;

    c)     has been placed beyond the jurisdiction of the Court;

    d)     has been substantially diminished in value; or

    e)     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

*Jay Clayton*
JAY CLAYTON
United States Attorney